1823.

Sides
*vs*
Hilleary

June.

SIDES *vs*. HILLEARY.

If the plaintiff, at the time of taking a promissory note, knows that the article which forms its consideration is defective, and fraudulently conceals that defect from the defendant, he can sustain no suit on the note.

Whether the plaintiff had such knowledge, and concealed it from the defendant, is a question for the jury.

APPEAL from *Montgomery* county court. *Assumpsit* on a promissory note dated the 17th of February 1819, drawn by the defendant (now appellee,) in favour of the plaintiff (now appellant,) for $125, *Non assumpsit* and issue. At the trial the plaintiff offered in evidence the promissory note upon which the action was brought, admitted by the defendant to have been executed by him, and delivered to the plaintiff. The defendant then proved, that the consideration of the note was a pair of mill-stones, which the defendant bought and received from the plaintiff, and put up in his mill in the month of February 1819. That the stones were bad; that one of them was composed of block, soft and badly cemented, and that many of the blocks of the other were also soft and badly cemented, and were not worth the trouble of carrying from the plaintiff's to the defendant's mill. The stones were kept in the defendant's mill from the month of February 1819, to the present time, and used with difficulty in grinding plaister. The defendant also proved by a competent witness, that he (the witness,) in the month of September 1819, a few days previous to the writing by the plaintiff of the first letter hereinafter set forth, called on the plaintiff at the defendant's request, informed him that the stones were bad, and desired him to repair them; and that the same application was renewed subsequent to the date of the last letter hereinafter stated. On the second application, the plaintiff informed the witness that he could not then comply with his request. The defendant further offered in evidence the following papers, proved to be the handwriting of the plaintiff. 1st. "*Lisbon,* 17th February 1819, Mr. *Thomas Hilleary* bo't of *Benjamin G. Sides,* 1 pair 4 feet bur mill-stones $225.

Received at the same time of *Thomas Hilleary* $100 in cash, and his note of hand for $125, which, when paid, will be in full.

> *Benjamin G. Sides.*"

"I hereby warrant the above mill-stones to be good; and in case any of the blocks should not prove hard enough, I will go over to his mill and put in others that will be sufficiently hard, at my own expense.

> *Benjamin G. Sides.*"

2d. A letter dated the 24th of September 1819, from the plaintiff to the defendant. "When your plaister burs were made, the supply of blocks was but small—my journeyman who built the stones, forced in some contrary to my wishes, during my absence from the shop, although there were hard ones enough to have made them complete. If you will take the dimensions of such as are not sufficient, I will work them out, send them to your mill, and come myself to put them in the deficient places, having a wish to give general satisfaction to all my customers. You can take the length and breadth at both ends, and note them down on paper, to enable me to calculate the blocks accordingly." 3d. A letter from the plaintiff to the defendant, dated the 12th of January 1820. "Upon due consideration I find that your mill-stones could not be altered in a permanent manner unless they were taken apart. The eye-blocks could not be put in safely without separating the whole work. This would require a great deal of labour. It would not be possible for me at this time of the year to do them in time for you. In fact, you ought to have sent me a written communication during last summer and fall, and they would certainly have been done, as I requested of you early in September last. You could not have taken me in a more unfavourable time of the year. The stones will certainly do to grind plaister with another season, or else they have got to be miserably bad. I would wish you to use them till about the first of April next, and then send them to me; and if I don't make them good, I will give you the note and interest. I never was so much deceived in a pair of stones in my life. I knew three or four blocks were not hard enough, but had no idea that they were as bad as you represent them, and still have my doubts whether they are not. However that may be, I am resolved to make a firm substantial pair of burs out

1823.

Sides
vs .
Hilleary

of them, if you will extend your patience to the first of April. The piece of a stone I showed you in my shop is of the hardest and closest quality of bur; I shall work on it every moderate day, and finish it off with the same quality which I intend for your runner. I can certainly make a first rate stone out of the pair you have. Were you to bring the stones here now directly, it would not be possible to do them well and in due time, as my journeyman is sick, in course I should have no help. I am resolved to do them myself altogether, without entrusting any one with them, of course my confidence will not be betrayed." On these facts the plaintiff prayed the instruction of the court to the jury, that he was entitled to recover. Which instruction the court [*Ridgely* and *Kilgour*, A. J.] refused to give. The plaintiff excepted, and appealed, the verdict and judgment being against him.

The cause was argued before BUCHANAN, EARLE, MARTIN, DORSEY, and STEPHEN, J.

*Ridout*, for the appellant, contended, that the due execution of the note, on which the action was brought, having been proved, the plaintiff's right to recover could not be defeated by proof of the inferior quality of the articles for which the note was given. He referred to *Greenleaf vs. Cook*, 2 *Wheat.* 13, 16. *Templer vs. M'Lacklan*, 5 *Bos. & Pull.* 136. *Farnsworth vs. Ganard*, 1 *Campb.* 40; (note.) *Tye vs. Gwynne*, 2 *Campb.* 346. *Fisher vs. Samuda*, 1 *Campb.* 193. *Curtis vs. Hannay*, 3 *Esp. Rep.* 82; and *Grenaldi vs. White*, 4 *Esp. Rep.*

*F. S. Key*, for the appellee, referred to 2 *Esp. Dig.* 40. (13.)

The opinion of the court was delivered by

BUCHANAN, J. If the plaintiff, at the time of taking the promissory note on which the suit is founded, knew that the mill-stones, which formed the consideration of the note, were defective, and fraudulently concealed that defect from the defendant, the consideration wholly failed, and no suit could be sustained on the note. Whether the plaintiff had or not a knowledge of the defect alleged, and concealed that knowledge from the defendant, was a question for the jury on the evidence, and the court could not

'properly have instructed them, as prayed, that the plain-
tiff was entitled to recover.

JUDGMENT AFFIRMED.